IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMAL MURRAY                                                                                          PLAINTIFF

v.                                           Civil No. 2:19-CV-02136

SHERIFF RON BROWN, *et. al.*                                                              DEFENDANTS

## OPINION AND ORDER

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to obey a Court Order and to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on November 1, 2019. (ECF No. 1). He was granted *in forma pauperis* ("IFP") status that same day. (ECF No. 3). In the IFP Order, Plaintiff was advised that he must immediately inform the Court of any address changes, and failure to do so within 30 days of any such change would result in the dismissal of his case. (*Id.*).

On May 5, 2020, the Court entered an Order directing Plaintiff to file his Response to a Summary Judgment Motion by May 26, 2020. (ECF No. 22). This Order was returned from the Crawford County Detention Center as undeliverable. (ECF No. 23). The deadline for Plaintiff to provide the Court with a current address was set for June 17, 2020. (*Id.*).

To date, Plaintiff has failed to inform the Court of his current address, and has not otherwise communicated with the Court.

### II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

1

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.  CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 24th day of July 2020.

Judgment will be entered accordingly.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE